*1149 OPINION.
McMahon :
The only question in the instant proceeding is whether the Wisconsin Nurses’ Club and Directory is a corporation organized and operated exclusively for “ charitable or educational ” purposes within the meaning of section 214 (a) (11) of the Revenue Act of 1921. That section provides:
(a) That in computing net income there shall be allowed as deductions: *******
(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, * * * organized and operated exclusively for * * * charitable, * * * or educational * * * purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *
The petitioner contends that the Club was organized and operated either for charitable or educational purposes. The objects of the Club are set forth in our findings of fact. Miss Anna Heil, registrar of the Club during 1922, testified that the primary purpose of maintaining the home was for the benefit of the nurses and Club members, and that the directory was operated in the same way as a commercial directory, except that it charged the nurses only for their registration fee, whereas the usual practice in a commercial directory is to charge them a registration fee plus a percentage of any fees received from their nursing. The Club maintained rooms and meals for nurses for which, however, they paid. The only educational features are that there were a few classes from time to time under the auspices of the Club in psychology, history, parliamentary law, nutrition and social service, and that the Club gave advice to nurses upon their problems. The Club did not maintain any free beds in hospitals or do any free nursing except for other sick nurses. It is clear that any charitable or educational work of the Club was merely incidental to the main purpose, i. e., the maintenance of the directory and home for the benefit of the Club members. The petitioner has not established that the corporation was organized and operated exclusively for educational or charitable purposes, and we, therefore, sustain the action of the respondent in disallowing the deduction. See Herbert E. Fales, 9 B. T. A. 828, and Ellis A. Gimbel, 20 B. T. A. 213.

Judgment will be entered for the. respondent.